UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR WARREN, | Case No. 1:26-cv-001722-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| JANE DOE, | |
| Defendant. | (ECF Nos. 1, 9) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |
| | ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

I.     INTRODUCTION

Plaintiff Omar Warren is proceeding *pro se* and *in forma pauper*is in this civil rights action filed pursuant to 42 U.S.C. § 1983. His complaint, filed February 13, 2026, alleges that Defendant Jane Doe, a registered nurse at California State Prison – Corcoran, was deliberately indifferent to his serious medical needs when she failed to treat the infection in Plaintiff's left ring finger, and as a result, Plaintiff was hospitalized for weeks and suffered loss of mobility in his hand. (ECF No. 1). Plaintiff also asserts a state law claim for medical malpractice. (*Id.*).

On April 15, 2026, the Court screened the complaint and concluded that Plaintiff sufficiently stated a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant Jane Doe.  (ECF No. 9 at 7). However, the complaint stated no other claims that could proceed past screening. (*Id.* at 6-7).

1

The Court gave Plaintiff thirty days to file a notice to proceed on his cognizable claims, file a first amended complaint, or file a notice with the Court that he wanted to stand on his complaint. (*Id.* at 8). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

The deadline to respond to the screening order has expired, and Plaintiff has not filed a response or otherwise communicated with the Court. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

## II.    ANALYSIS

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to respond to the Court's screening order. (ECF No. 9). And this failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and

evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. (ECF Nos. 7, 8). And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. However, the Court notes that it is recommending dismissal without prejudice and thus is not recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the above factors, the Court concludes that dismissal with prejudice is appropriate.

### III.    ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

For the reasons given above, IT IS RECOMMENDED that:

1. This action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.[1]

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

---

[1] If Plaintiff files a notice that he wishes to proceed on the claim found cognizable, i.e., Eighth Amendment claim against Defendant Jane Doe for deliberate indifference to serious medical needs, the Court will vacate the Findings and Recommendations, and the case will proceed on that claim.

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2026**                    /s/ *Erica P. Grosjean*
                                         UNITED STATES MAGISTRATE JUDGE